```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

ROBERT KELLEHER, et al.,          :
   Plaintiffs,                    :
                                  :
v.                                :     Civil No. 3:06CV01422(AVC)
                                  :
ADVO, INC., et al.,               :
   Defendants.                    :

## RULING ON THE PLAINTIFF'S MOTIONS TO CONSOLIDATE, FOR APPOINTMENT AS LEAD PLAINTIFF, FOR APPROVAL OF COUNSEL, AND TO PARTIALLY LIFT THE STAY ON DISCOVERY

This is an action for damages. It is brought pursuant the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. The plaintiff, Robert Kelleher, an owner of common stock in ADVO, Inc. ("ADVO"), alleges that the defendants, ADVO and its directors and officers, issued false and misleading information in violation of federal securities law. Kelleher brings this action individually, and on behalf of all other similarly situated stockholders.

The issues presented are: 1) whether the cases that Kelleher seeks to consolidate involve common questions of law or fact; 2) whether Kelleher is the member of the purported plaintiff class who is most capable of adequately representing the interests of the class members; 3) whether Kelleher's choice of counsel is sufficiently qualified, experienced, and able to represent the potential class; 4) whether lifting the stay on discovery imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), is necessary to prevent

the destruction of evidence; and 5) whether lifting the PSLRA stay on discovery is necessary to prevent undue prejudice to Kelleher.

**A. Motion to Consolidate**

Kelleher first moves to consolidate the present action with two other actions filed by fellow ADVO shareholders, Coronel v. ADVO, Inc., 3:06CV01457(AVC), and Field v. ADVO, Inc., 3:06CV01481(AVC). This motion is unopposed.

The complaints in these three actions uniformly allege that in violation of federal securities law, the defendants made false statements regarding ADVO's financial value in order to ease a merger with another company. Further, the complaints each allege that the plaintiffs relied upon these statements to their detriment. Accordingly, for the purpose of the motion to consolidate these actions, Kelleher has demonstrated that these three matters involve common questions of law and fact. See Fed. R. Civ. P. 42(a). Therefore, the motion to consolidate is granted. Pursuant to D. Conn. L. Civ. R. 42(a), the clerk shall maintain a separate docket for each case, but the parties shall now file all papers in the docket of the earliest filed case, Kelleher v. ADVO, Inc., 3:06CV01422(AVC).

**B. Motion for Appointment as Lead Plaintiff**

Kelleher next moves to be appointed lead plaintiff of the consolidated action. This motion is similarly unopposed.

The United States Code calls for the court to appoint as lead plaintiff in a would-be class action securities case "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The court presumes that a member is "most capable" where that member "has . . . filed the complaint . . . , has the largest financial interest in the relief sought by the class[,] and . . . otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Here, it is undisputed that Kelleher filed the complaint in this action, and that he has the largest financial interest in the relief sought by the prospective class. Moreover, for the purpose of this motion, Kelleher is able to satisfy the requirements of Rule 23.

Rule 23 provides that a member of a class may sue as the representative of the class only if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

At this stage in the proceeding, for the purpose of appointing a lead plaintiff, the court need only consider the

typicality and adequacy requirements of Rule 23.  Herrgott v. United States Dist. Court, 306 F.3d 726, 730 (9th Cir. 2002).  "Rule 23(a)(3)'s typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability."  Robidoux v. Celani, 987 F.2d 931, 937 (2d Cir. 1993) (citations omitted).  "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims."  Id.

The adequacy of representation requirement of Rule 23 calls for the court to resolve: "1) [whether the] plaintiff's interests are antagonistic to the interest of other members of the class and 2) [whether the] plaintiff's attorneys are qualified, experienced and able to conduct the litigation."  Baffa v. Donaldson, 222 F.3d 52, 60 (2d Cir. 2000).

In the present case, it is undisputed that Kelleher, like the potential class members, suffered damages as a result of purchasing ADVO stock in reliance on the allegedly false statements made by the defendants.  Likewise, it is undisputed that Kelleher has no conflicts of interest with the potential class members.  Further, having reviewed the credentials of those firms that represent Kelleher, namely, Lerach, Coughlin, Stoia,

4

Geller, Rudman & Robbins LLP, and Schatz & Nobel, PC, the court concludes that his counsel is sufficiently qualified, experienced, and able to represent the potential class of plaintiffs. As such, assuming for the purpose of this motion that Kelleher's unchallenged assertions are true, the court concludes that Kelleher is able to satisfy both the typicality and adequacy of representation requirements of Rule 23.

Having met this threshold, Kelleher thereby satisfies the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii). As such, Kelleher is entitled to the presumption that he is the member of the purported plaintiff class who is most capable of adequately representing the interests of the class members. Having before it no evidence of that would rebut this presumption, the court appoints Robert Kelleher lead plaintiff in this action.

**C. Motion for Approval of Counsel**

Kelleher next moves for the approval of his selection of counsel, as required by 15 U.S.C. § 78u-4(a)(3)(B)(v). This motion is also unopposed. For the reasons set forth above, the court gives its approval to Kelleher's selection of counsel, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP, as lead counsel, and Schatz & Nobel, PC, as liaison counsel.

**D. Motion to Lift the Partial Stay on Discovery**

   **1. Preservation of Evidence**

Finally, Kelleher moves to lift the stay of discovery

imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B).  Specifically, Kelleher seeks an order that the defendants "produce all documents, transcripts of interviews or testimony, and any other information provided to or received from" the parties in a separate action in Delaware state court, namely, <u>Valassis Communications, Inc. v. ADVO, Inc.</u>, No. 23-83-N (Del. Ch. 2006).  Kelleher first argues that lifting the stay is necessary to prevent the destruction of evidence by third parties, a scenario which Kelleher characterizes as a "very real possibility."

The defendants oppose the motion, and respond that Kelleher "has not demonstrated that exceptional circumstances exist" as to justify lifting the stay.  Specifically, the defendants argue that because they have fulfilled their obligations to safeguard evidence, lifting the stay on discovery is not necessary.

Pursuant to PSLRA, "[i]n any private action arising under [the Securities Exchange Act of 1934, 15 U.S.C. § 78a <u>et</u> <u>seq.</u>], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B).  "[T]he automatic stay provision of the Act is triggered by the mere indication by [the] defense of its intention to file a motion to dismiss."  <u>In re</u>

Carnegie Int'l Corp. Sec. Litig., 107 F. Supp. 2d 676, 683 (D. Md. 2000).

Accordingly, where, as here, the defendants have indicated their intention to bring a motion to dismiss,[1] all discovery is stayed absent one of two exceptional circumstances. Specifically, the court may lift the stay only when "particularized discovery is necessary" to either: 1) preserve evidence; or 2) prevent undue prejudice. 15 U.S.C. § 78u-4(b)(3)(B).

"A party alleging that discovery is 'necessary to preserve evidence' must present more than mere 'generalizations of fading memories and allegations of possible loss or destruction.'" Sarantakis v. Gruttadauria, No. 02 C 1609, 2002 U.S. Dist. LEXIS 14349, at *5-6 (D. Ill. Aug 2, 2002) (quoting In re Fluor Corp. Sec. Litig., SA CV 97-734 AHS (Eex), 1999 U.S. Dist. LEXIS 22128, at *3 (C.D. Cal. Jan. 15, 1999)). "The movant is required to make a specific showing that 'the loss of evidence is imminent as opposed to merely speculative.'" Sarantakis, 2002 U.S. Dist. LEXIS 14349, at *6 (quoting In re CFS-Related Sec. Fraud Litig., 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001)). "The sole example proffered by Congress as to what justifies lifting the stay is

---

[1] On October 31, 2006, the parties jointly filed a "Stipulation and Initial Rule 26(f) Report" (document no. 10) which states that the defendants "presently intend to file a motion to dismiss . . . ."

7

'the terminal illness of an important witness,' which might 'necessitate the deposition of the witness prior to ruling on the motion to dismiss.'" Faulkner v. Verizon Communications, Inc., 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001) (citation omitted).

Kelleher has failed to establish that lifting the stay is necessary to preserve evidence. His allusions to the possibility of third parties failing to preserve documents is ultimately speculative, and fails to demonstrate that the destruction of evidence is imminent. While the court does not foreclose the possibility of lifting the stay in the future to preserve evidence, based on the submissions of the parties, the court concludes that lifting the stay is not presently necessary.

### 2. Prevention of Undue Prejudice

Kelleher next argues that lifting the stay is necessary to avoid "undue prejudice." Specifically, he contends that the stay on discovery will forestall him from finding "ammunition for an amended federal securities complaint" and from making "informed decisions about litigation strategy . . . ."

The defendants respond that "the plaintiff's wish to make better strategic litigation decisions does not constitute undue prejudice." They note that before the court can lift the stay, Kelleher must demonstrate not just prejudice, but "undue prejudice." Moreover, they argue that Kelleher's inability to presently conduct discovery is a routine situation in securities

8

litigation, and does not merit the extraordinary remedy requested.

The court agrees. Although the Second Circuit has not provided guidance as to that which constitutes "undue prejudice" in the context of a PSLRA discovery stay, various district courts in this circuit have addressed the issue, and have stated that undue prejudice is "improper or unfair treatment amounting to something less than irreparable harm." E.g. In re Vivendi Universal, S.A., Sec. Litig., 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (citation omitted). A plaintiff's "inability to gather evidence . . . to plan a litigation strategy [however,] is not evidence of undue prejudice." In re Refco, Inc. Sec. Litig., No. 05 Civ. 8626, 2006 U.S. Dist. LEXIS 55639, at *6 (S.D.N.Y. Aug. 8, 2006). "This is because 'delay is an inherent part of every stay of discovery required by the PSLRA.'" In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583, 2006 U.S. Dist. LEXIS 42646, at *2 (S.D.N.Y. June 26, 2006), quoting In re Initial Pub. Offering Litig., 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002)).

While Kelleher's desire to begin discovery to better craft an amended complaint and plan his case is understandable, the frustration of that desire is neither improper nor unfair, but rather a routine matter of federal securities law.[2] As such, the

---

[2] Kelleher also suggests that the stay will shield the defendants from liability. As Kelleher does not substantiate this argument, the court concludes that it is without merit.

9

court concludes that Kelleher has not demonstrated that he will suffer undue prejudice if the stay is not lifted. Therefore, the motion to lift the discovery stay is denied.[3] Accordingly, the defendants' motion for leave to file a surreply in opposition to the motion to lift the discovery stay is denied, as moot.

### **CONCLUSION:**

For the foregoing reasons, Kelleher's motions for consolidation, appointment as lead plaintiff, and approval of counsel (document no. 33) are GRANTED. Kelleher's motion to lift the stay on discovery (document no. 20), and the defendants' motion for leave to file a surreply in opposition to the motion to lift the stay (document no. 39) are DENIED. The clerk shall file this ruling in the dockets of each of the underlying cases of this consolidated action, specifically, Kelleher v. ADVO, Inc., Corn 3:06CV01422(AVC), Coronel v. ADVO, Inc., 3:06CV01457(AVC), and Field v. ADVO, Inc., 3:06CV01481(AVC).

It is so ordered this 24th day of April, 2007, at Hartford, Connecticut.

```
        /s/
Alfred V. Covello
United States District Judge
```

---

[3] Kelleher also contends that lifting the stay will not be burdensome to the defendants, an assertion which the defendants deny. As the impact of discovery on the defendants is not material under 15 U.S.C. § 78u-4(b)(3)(B), the court does not resolve this issue.