UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT KELLEHER, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ADVO, INC., et al.,<br><br>　　　　　　　　　Defendants. | No. 3:06-cv-01422-AVC<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | SUMMARY OF THE LITIGATION | 1 |
| III. | THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL | 3 |
| IV. | THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE, AND PROOF OF CLAIM ARE ADEQUATE | 6 |
| V. | PROPOSED SCHEDULE OF EVENTS | 7 |
| VI. | CONCLUSION | 8 |

**I.      INTRODUCTION**

Lead Plaintiff respectfully submits this motion for preliminary approval of the proposed settlement of this Litigation on the terms set forth in the Stipulation of Settlement dated October 28, 2009 ("Stipulation"), which is being filed concurrently herewith. The proposed settlement (the "Settlement") with ADVO, Inc. ("ADVO" or the "Company"), S. Scott Harding, Jeffrey E. Epstein, and John J. Mahoney (collectively, "Defendants") provides for the payment of $12.5 million to the Class. The Settlement is the result of hard fought arm's-length negotiations between the parties at the recommendation of the Honorable Layn R. Phillips (Ret.). If approved, the Settlement will resolve Lead Plaintiff's claims against the Defendants. Lead Plaintiff and his counsel believe this is a very good result under the circumstances and that the Settlement is in the best interest of the Class.

The parties now ask this Court to enter an order: (a) granting preliminary approval of the proposed Settlement; (b) approving the parties' proposed form and method for giving notice of the pendency of this action and the Settlement to the Class; (c) directing that the notice be given to Class Members as approved by the Court; and (d) scheduling a hearing at which the Court will consider final approval of: (i) the Settlement and entry of the Final Judgment and Order of Dismissal with Prejudice; (ii) the Plan of Allocation of Settlement proceeds; and (iii) Lead Counsel's and Lead Plaintiff's application for an award of attorneys' fees and expenses.

**II.     SUMMARY OF THE LITIGATION**

In mid-September 2006, several securities class action lawsuits were filed in the United States District Court for the District of Connecticut (the "Court") on behalf of persons who purchased ADVO common stock during defined periods of time. On April 24, 2007, the Court consolidated these actions and appointed Robert Kelleher as Lead Plaintiff under §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act") and approved Lead Plaintiff's selection of Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel and Schatz & Nobel, PC (n/k/a Izard Nobel LLP) as Liaison Counsel.

On June 8, 2007, Lead Plaintiff filed a Consolidated Class Action Complaint alleging violations of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission on behalf of all persons who purchased ADVO common stock between July 6, 2006 and August 30, 2006 (the "Complaint"). The Complaint alleges that Defendants made materially false and misleading statements and omissions regarding ADVO's business and financial condition and its anticipated merger with Valassis Communications, Inc.

Following the filing of the Complaint, Defendants moved to dismiss the Complaint, arguing, among other things, that Lead Plaintiff had not satisfied the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Lead Plaintiff vigorously opposed Defendants' motion. On April 25, 2008, the Court issued an opinion denying Defendants' motion to dismiss. Thereafter, Lead Plaintiff commenced formal discovery.

In August 2008, Lead Plaintiff filed his motion for class certification. Over the following three months, the parties engaged in document and deposition discovery related to class certification. Defendants took Lead Plaintiff's deposition and both parties deposed each other's experts. On October 31, 2008, Defendants filed their brief in opposition to Lead Plaintiff's motion for class certification and on December 1, 2008, Lead Plaintiff filed his reply.

In February 2009, while Lead Plaintiff's motion for class certification was pending, the parties mediated before the Honorable Eugene F. Lynch (Ret.), without success. On March 30, 2009, the Court granted Lead Plaintiff's motion for class certification and certified a class consisting of all persons and entities who purchased or otherwise acquired the common stock of ADVO during the period July 6, 2006 through August 30, 2006, inclusive, and were damaged thereby. Thereafter, the parties continued their discovery efforts.

In early summer, 2009, the parties again began to discuss settlement. On August 26, 2009, the parties participated in mediation with the Honorable Layn R. Phillips (Ret.). Shortly following

the mediation, Judge Phillips issued a mediator's proposal to the parties. Several days later, the parties accepted Judge Phillips' mediator's proposal and reached an agreement-in-principle to settle the Litigation.

### III. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving disputes. This is especially true in complex class actions such as this. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005); *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982); *In re Top Tankers, Inc. Sec. Litig.*, No. 06 Civ. 13761 (CM), 2008 WL 2944620, at *3 (S.D.N.Y. July 31, 2008); *In re Priceline.com, Inc. Sec. Litig.*, No. 3:00-CV-1884 (AVC), 2007 WL 2115592, at *2 (D.Conn. July 20, 2007). "Class action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation." *In re Luxottica Group S.p.A. Sec. Litig.*, 233 F.R.D. 306, 310 (E.D.N.Y. 2006); *see also Weinberger*, 698 F.2d at 73 ("There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation.").

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the compromise of claims brought on a class basis. While Lead Plaintiff believes the Settlement merits final approval, at this time, Lead Plaintiff only requests that the Court grant preliminary approval, to permit notice of the terms of the Settlement to be sent to the Class and schedule a final approval hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider any expressed views by Class Members of the fairness of the Settlement, the Plan of Allocation, Lead Counsel's request for an award of fees and expenses, and Lead Plaintiff's request for reimbursement of expenses incurred in representing the Class.

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed Settlement is within the range of what might be found fair, reasonable, and

adequate, so that notice of the proposed Settlement should be given to Class Members and a hearing scheduled to consider final settlement approval. *See Manual for Complex Litigation* §13.14, at 173 (4th ed. 2004) ("First, the [court] reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.").[1]

The parties request that the Court grant preliminary approval. The proposed Settlement clearly satisfies the approval standard. The Settlement provides an immediate and substantial cash benefit of $12,500,000 to the Class. Given the complexities of this Litigation and the substantial risks of continued litigation, Lead Counsel believe the Settlement represents a very good resolution of this Litigation and eliminates the risk that the Class might not otherwise recover if the Litigation were to continue.

Moreover, a "'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'" *Wal-Mart Stores*, 396 F.3d at 116 (quoting *Manual for Complex Litigation* §30.42 (3d ed. 1995)). *See also In re Greenfield Online Sec. Litig.*, No. 3:07-cv-01118 (VLB), 2008 WL 4640680, at *4 (D.Conn. Oct. 20, 2008). The Settlement is clearly entitled to this presumption. Lead Plaintiff has conducted extensive factual discovery, briefed an opposition to Defendants' motion to dismiss, obtained class certification over Defendants' opposition, and retained and consulted with experts. Lead Counsel clearly possessed sufficient information regarding the strengths and weaknesses of Lead Plaintiff's claims to knowledgeably negotiate a settlement with Defendants. This Settlement is the product of hard fought arm's-length negotiations between the

---

[1] At the final approval hearing, the Court will have before it extensive papers submitted in support of the proposed Settlement and will be asked to make a final determination as to whether the Settlement is fair, reasonable, and adequate under all of the circumstances surrounding the Litigation.

parties with the substantial assistance of Judge Phillips. Indeed, Judge Phillips recommended the $12.5 million settlement figure. During the negotiations, Lead Counsel zealously advanced Lead Plaintiff's position and were fully prepared to continue to litigate rather than accept a settlement that was not in the best interest of the Class. Similarly, Defendants, through their counsel, vigorously advanced their position that the remaining claims in the Litigation were subject to dismissal, that Lead Plaintiff would have insurmountable proof problems on liability and damages, and that Defendants likewise were fully prepared to continue to litigate rather than settle the Litigation for an unreasonably high amount.

Lead Counsel have significant experience in securities and other complex class action litigation and have negotiated numerous other substantial class action settlements in courts throughout the country, further supporting the reasonableness presumption. *See Wal-Mart Stores*, 396 F.3d at 116-17. *See also In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *10 (S.D.N.Y. July 27, 2007) (significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class); *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 46, 54 (S.D.N.Y. 1993) (same). As noted above, by the time the parties agreed to a settlement in principle, fact discovery was nearly complete. Accordingly, the parties had the benefit of millions of pages of documents, including tens of thousands of pages of deposition testimony, to evaluate the strengths and weaknesses of their respective cases.

Lead Plaintiff, through his counsel, has carefully considered and evaluated, among other things, the relevant legal authorities and evidence to support the claims asserted against Defendants, the likelihood of prevailing on these claims, the risk, expense, and duration of continued litigation and the likely appeals and subsequent proceedings necessary if Lead Plaintiff did prevail against

Defendants at summary judgment or trial, and has concluded that the Settlement is clearly fair, reasonable, and adequate and in the best interest of the Class.

The proposed Settlement provides a very good recovery for the Class while eliminating the risk, expense, and uncertainty of continued litigation. As the product of arm's-length negotiations between sophisticated parties, the Settlement warrants preliminary approval for purposes of notifying Class Members.

## IV.  THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE, AND PROOF OF CLAIM ARE ADEQUATE

Federal Rule of Civil Procedure 23(e)(1) requires that class members receive notice of any proposed settlement before final approval by the court. *Manual for Complex Litigation*, *supra*, §21.633, at 321-22. Lead Plaintiff respectfully submits that the proposed notices, which are annexed as Exhibits A-1 and A-3 to the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, submitted herewith, are adequate. If approved by the Court, the notice in the form of Exhibit A-1, along with the Proof of Claim in the form of Exhibit A-2, will be sent by First-Class Mail to each Class Member identified from ADVO's transfer records as purchasers of the Company's common stock during the Class Period. The notice will also be sent to entities that commonly hold securities in "street name" as nominees for the benefit of their customers who are the beneficial purchasers of the securities. In addition, summary notice in the form of Exhibit A-3 will be published in *Investor's Business Daily* and over the *Business Wire* or *PR Newswire*.

As required by Federal Rule of Civil Procedure 23(c)(2) and the PSLRA, the notice will inform Class Members of the claims alleged in the action, the terms of the proposed Settlement, and their rights as Class Members to opt out or object to the Settlement, or otherwise object to the Plan of Allocation and/or the proposed attorneys' fees and expenses. *See Consol. Edison, Inc. v. Ne. Utils.*, 332 F. Supp. 2d 639, 652 (S.D.N.Y. 2004) ("'Due process requires that the notice to class members "fairly apprise the . . . members of the class of the terms of the proposed settlement and of

the options that are open to them in connection with [the] proceedings."'") (citations omitted); *Weinberger*, 698 F.2d at 70. The notice also advises Class Members of Lead Plaintiff's intention to seek reimbursement for his time and expenses incurred in prosecuting the Litigation on behalf of the Class.

Lastly, as part of the preliminary approval of the Settlement, Lead Plaintiff also respectfully requests the appointment of Gilardi & Co. LLC ("Gilardi") as Claims Administrator. As Claims Administrator, Gilardi will be responsible for, among other things, mailing the notice to the Class, publishing the summary notice, reviewing and processing claims, compiling a distribution schedule, and mailing distribution checks. Gilardi has extensive experience in settlement administration and will adequately fulfill its duties in this case.

## V.  PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, Lead Plaintiff asks the Court to set a final approval hearing date, dates for mailing the notice and publication of the summary notice, and deadlines for requesting exclusion, objecting to the Settlement, and filing papers in support of the Settlement. The parties propose the following schedule:

| | |
|---|---|
| Notice mailed to Class Members ("Notice Date") | 14 days from preliminary approval |
| Summary notice published | 7 days from Notice Date |
| Last day to request exclusion from or object to Settlement | 14 days prior to final approval hearing |
| Date by which to file papers in support of Settlement, Plan of Allocation, and request for attorneys' fees and expenses | 21 calendar days prior to final approval hearing |
| Date by which to file reply papers in support of Settlement, Plan of Allocation, and request for attorneys' fees and expenses | 7 calendar days prior to final approval hearing |
| Final approval hearing | Approximately 90 days from Notice Date, at the Court's convenience |

| | |
|---|---|
| Last day for Class Members to file Proof of Claim forms | 90 days from Notice Date |

This schedule is similar to those used in numerous class action settlements and provides due process to Class Members with respect to their rights concerning the Settlement.

## VI.   CONCLUSION

For the reasons set forth above, Lead Plaintiff respectfully requests that the Court preliminarily approve the Settlement and enter the Notice Order.

DATED:  October 28, 2009

Respectfully submitted,

IZARD NOBEL LLP
JEFFREY S. NOBEL (CT 04855)
NANCY A. KULESA (CT 25384)
29 South Main Street, Suite 215
West Hartford, CT  06107
Telephone:  860/493-6292
860/493-6290 (fax)

Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SPENCER A. BURKHOLZ
JONAH H. GOLDSTEIN
ELLEN GUSIKOFF STEWART
ERIC I. NIEHAUS
JENNIFER L. GMITRO

*s/ Ellen Gusikoff Stewart*
ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

Document1

- 8 -

CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 28, 2009.

        s/ Ellen Gusikoff Stewart
        ELLEN GUSIKOFF STEWART

        COUGHLIN STOIA GELLER
           RUDMAN & ROBBINS LLP
        655 West Broadway, Suite 1900
        San Diego, CA  92101-3301
        Telephone:  619/231-1058
        619/231-7423 (fax)

        E-mail:elleng@csgrr.com

# Mailing Information for a Case 3:06-cv-01422-AVC

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Spencer A. Burkholz**
  SpenceB@csgrr.com,hectorm@csgrr.com,e_file_sd@csgrr.com

- **Courtland W. Creekmore**
  e_file_sd@csgrr.com

- **Sharleen Joy Davis**
  sharleen.davis@klgates.com

- **David J. Elliott**
  djelliott@daypitney.com,dcharles@daypitney.com

- **Rory FitzPatrick**
  rory.fitzpatrick@klgates.com,joanne.healy@klgates.com

- **Jennifer L. Gmitro**
  JGmitro@csgrr.com

- **Jonah H. Goldstein**
  jonahg@csgrr.com

- **Ellen Gusikoff**
  elleng@csgrr.com

- **Shawn M. Harpen**
  sharpen@mwe.com

- **Helen Harris**
  hharris@daypitney.com

- **Ari J. Hoffman**
  ahoffman@cohenandwolf.com

- **Stuart M. Katz**
  skatz@cohenandwolf.com

- **Nancy A. Kulesa**
  nkulesa@izardnobel.com

- **Eric Landau**
  elandau@mwe.com

- **Elizabeth Leise**
  Elizabeth_Leise@aporter.com

- **John C. Massaro**
  John_Massaro@aporter.com

- **William S. McDermott**
  smcdermott@klng.com

- **David S. Mendelson**
  dm@mendelsonlaw.net,tguellec@hymanlippitt.com

- **Eric I. Niehaus**
  ericn@csgrr.com

- **Kavita Kumar Puri**
  Kavita.Kumar.Puri@aporter.com

- **Scott B. Schreiber**
  Scott_Schreiber@aporter.com

- **Robert Schwartz**
  Robert.Schwartz@aporter.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)