UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT KELLEHER, Individually and on Behalf of All Others Similarly Situated, | : : : | |
| Plaintiff, | : : | No. 3:06-cv-01422-AVC **(Consolidated)** |
| v. | : : | CLASS ACTION |
| ADVO, INC., et al., | : : | |
| Defendants. | : : : | |

ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in the Court entitled *Kelleher v. ADVO, Inc., et al.*, Case No. 3:06-cv-01422-AVC (the "Action");

WHEREAS, the Settling Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the Settlement of this Action, in accordance with a Stipulation of Settlement dated October 28, 2009 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice as against the Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

WHEREAS, the Stipulation provides for the conditional certification of the Class solely for purposes of the Settlement; and

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on **March 3, 2010**, at 2:00 p.m., in Courtroom One of the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building and United States Courthouse, 450 Main Street, Hartford, CT 06103, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate as to the Class and should be approved by the Court; whether an Order and Final Judgment, substantially in the form of Exhibit B to the Stipulation, should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Plaintiff and Lead Plaintiff's counsel. The Court may adjourn the Settlement Hearing without further notice to members of the Class.

3. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 to the Stipulation and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are mailed and published, respectively, in accordance with ¶5, below.

5. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within three (3) calendar days of this Order, if it has not already done so, ADVO shall, at its own cost and expense, provide the Claims Administrator with the Company's transfer records for the Class Period as agreed in the Stipulation in a form and manner requested by the Claims Administrator;

(b) Not later than December 18, 2009 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 to the Stipulation, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c) Not later than December 28, 2009, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and over the *Business Wire* or *PR Newswire*; and

(d) Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased or acquired ADVO securities for the benefit of another Person during the period between July 6, 2006 and August 30, 2006, inclusive, shall be requested

to send the Notice and the Proof of Claim to all such beneficial owners of ADVO common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

7. Any Person falling within the definition of the Class who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice.

8. All members of the Class shall be bound by the provisions of the Stipulation and all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

10. Any member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims, regardless of whether or not any such Class Member has appeared in the Action.

12. Any member of the Class may appear and show cause, if he, she or it has any, why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon substantially in the form annexed as Exhibit B to the Stipulation, why the Plan of Allocation should or should not be approved as fair, reasonable, and adequate, or why attorneys' fees and expenses should or should not be awarded to Lead Plaintiff or Lead Plaintiff's counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Plaintiff and Lead Plaintiff's counsel, unless written objections and copies of any papers and briefs in support of said objections and proof of membership in the Class are received by Ellen Gusikoff Stewart, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; Scott B. Schreiber, Arnold & Porter

LLP, 555 Twelfth Street, NW, Washington, DC 20004; Wm. Shaw McDermott, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111-2950; and David S. Mendelson, Law Offices of David Mendelson, 322 North Old Woodward Avenue, Birmingham, MI 48009, on or before February 10, 2010, and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building and United States Courthouse, 450 Main Street, Hartford, CT, on or before February 10, 2010.  Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Plaintiff or Lead Plaintiff's counsel, unless otherwise ordered by the Court.

     13.  Upon the Effective Date, the Lead Plaintiff and each of the Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether Lead Plaintiff or any Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any
distribution from the Settlement Fund or the Net Settlement Fund, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons.

14. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Lead Plaintiff's counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. All motions and papers in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees and expenses and interest thereon shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing. If any objections to the Settlement, Plan of Allocation, or application for attorneys' fees and expenses and interest thereon are timely filed, a response to the objection(s) shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

17. All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Plaintiff's counsel shall have any obligation to repay the reasonable and actual costs of class notice and administration.

18. If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be vacated *nunc pro tunc*, and the provisions of ¶¶3.8 and 6.2 of the Stipulation shall apply.

19. Without further order of the Court, the Settling Parties may agree to reasonable

extensions of time to carry out any of the provisions of this Order or the Stipulation.

20.  The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

It is so ordered this 8th day of December, 2009, at Hartford, Connecticut.

_____/ s /_____
THE HONORABLE ALFRED V. COVELLO
UNITED STATES DISTRICT JUDGE