UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT KELLEHER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADVO, INC., et al.,<br><br>Defendants. | ) | No. 3:06-cv-01422-AVC<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to an Order of this Court, dated December 8, 2009, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated October 28, 2009 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Settlement, including all members of the Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Action, and all claims contained therein, including all of the Released Claims, are hereby dismissed without costs and with prejudice in full and final discharge of any and all claims belonging to Lead Plaintiff and the other members of the Class that were or could have been asserted as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiff, the Class, and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its

terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Upon the Effective Date, the Lead Plaintiff and each of the Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether the Lead Plaintiff or any such Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claims, whether or not such Class Member executes and delivers the Proof of Claim and Release.

6. All Class Members are hereby forever barred and enjoined from instituting or prosecuting any other action against the Released Persons in any court or tribunal asserting any Released Claim.

7. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Class Members and their counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims, except to enforce the releases and other terms and conditions contained in the Stipulation.

8. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all

members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the requirements of due process, and any other applicable law.

9. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation and/or the Settlement.

12. The Defendants have provided notifications to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715(b).

13. This Order and Final Judgment is a final judgment in the Litigation as to all claims among the Released Persons, on the one hand, and the Lead Plaintiff and all Class Members, on the other. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, or to such Person that paid the Settlement Amount, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered

and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: ______________________________ ______________________________

THE HONORABLE ALFRED V. COVELLO
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 24, 2010.

*s/ Ellen Gusikoff Stewart*
ELLEN GUSIKOFF STEWART

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail:elleng@csgrr.com

# Mailing Information for a Case 3:06-cv-01422-AVC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Spencer A. Burkholz**
  SpenceB@csgrr.com,hectorm@csgrr.com,e_file_sd@csgrr.com
- **Courtland W. Creekmore**
  e_file_sd@csgrr.com
- **Sharleen Joy Davis**
  sharleen.davis@klgates.com
- **David J. Elliott**
  djelliott@daypitney.com,dcharles@daypitney.com
- **Rory FitzPatrick**
  rory.fitzpatrick@klgates.com,joanne.healy@klgates.com
- **Jennifer L. Gmitro**
  JGmitro@csgrr.com
- **Jonah H. Goldstein**
  jonahg@csgrr.com
- **Ellen Gusikoff**
  elleng@csgrr.com
- **Shawn M. Harpen**
  sharpen@mwe.com
- **Helen Harris**
  hharris@daypitney.com
- **Ari J. Hoffman**
  ahoffman@cohenandwolf.com
- **Stuart M. Katz**
  skatz@cohenandwolf.com
- **Nancy A. Kulesa**
  nkulesa@izardnobel.com
- **Eric Landau**
  elandau@mwe.com
- **Elizabeth Leise**

Elizabeth_Leise@aporter.com

- **John C. Massaro**
  John_Massaro@aporter.com
- **William S. McDermott**
  smcdermott@klng.com
- **David S. Mendelson**
  dm@mendelsonlaw.net,tguellec@hymanlippitt.com
- **Eric I. Niehaus**
  ericn@csgrr.com
- **Kavita Kumar Puri**
  Kavita.Kumar.Puri@aporter.com
- **Scott B. Schreiber**
  Scott_Schreiber@aporter.com
- **Robert Schwartz**
  Robert.Schwartz@aporter.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)